Filed 1/14/22  P. v. Harper CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074670 |
| v. | (Super.Ct.No. RIF100702) |
| JASON SCOTT HARPER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

In 2002, a jury convicted defendant and appellant Jason Scott Harper of first degree felony murder and found true a robbery-murder special circumstance allegation for defendant's participation in the robbery of a store, which resulted in the murder of the store's manager. Although defendant was 16 years old at the time of the robbery, the trial court sentenced him to state prison for life without the possibility of parole. This court affirmed the judgment on direct appeal in 2004 but, more than a decade later, the trial court resentenced defendant to 25 years to life after a federal district court issued a writ of habeas corpus.

In January 2020, defendant petitioned the superior court to vacate his murder conviction pursuant to Penal Code[1] section 1170.95, a resentencing statute enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.). In a nutshell, that bill limited the offense of murder under the felony-murder rule to defendants who: (1) are the actual killer; (2) are not the actual killer but who share the killer's intent to kill and aid and abet in the killing; or (3) are a major participant in a felony and who act with reckless indifference to human life; and it eliminated the offense of murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 846, 848.) The superior court dismissed defendant's petition because the jury in his trial had found that he was a major participant in the robbery, who acted with reckless indifference to human life, and those findings had been upheld on appeal. Defendant appeals, arguing

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the jury's special circumstance finding does not render him ineligible for relief under section 1170.95.

In *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), review granted January 27, 2021, S265854, this court held that defendants with undisturbed and final special circumstance findings are barred as a matter of law from petitioning for relief under section 1170.95.  Instead, defendants (such as the defendant in this case) must petition an appropriate court for a writ of habeas corpus and challenge the continued validity of the jury's finding in that proceeding.  The holding in *Jones*, which we decline to revisit here, dictates that we affirm the denial of defendant's petition.[2]

## I.

## PROCEDURAL BACKGROUND[3]

In 2002, a jury convicted defendant of one count of first degree murder (§ 187, subd. (a)) and found true a robbery-murder special circumstance allegation (§ 190.2,

---

[2]  Defendant separately petitioned the California Supreme Court for a writ of habeas corpus, challenging the validity of the special circumstance finding.  The Supreme Court directed the Secretary of the Department of Corrections and Rehabilitation to show cause before this court why defendant is not entitled to relief.  (*In re Harper on Habeas Corpus*, Oct. 28, 2020, S259563.)  In a separate opinion, this court shall address defendant's petition for writ of habeas corpus.  (*In re Jason Harper on Habeas Corpus*, E076045.)

We previously reserved a ruling on defendant's November 2, 2020 request that we take judicial notice of documents from that original proceeding and take judicial notice of the Supreme Court's order.  The request is hereby granted.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3]  The underlying facts of this case are immaterial to the narrow legal question addressed in this opinion.  A recitation of those facts will be provided in the opinion in *In re Jason Harper on Habeas Corpus*, E076045.

subd. (a)(17)(A)).  The trial court sentenced him to life without the possibility of parole (LWOP).

On direct appeal, this court affirmed the judgment after rejecting defendant's assertions that:  (1) insufficient evidence supported the jury's findings that he acted with reckless indifference to human life to support the special circumstance finding; (2) the trial court abused its discretion when it failed to exercise its discretion to sentence him to 25 years to life instead of LWOP; and (3) his sentence of LWOP was cruel and/or unusual punishment under the federal and state constitutions.  (*People v. Brown et al.* (Jan. 7, 2004, E032616) [nonpub. opn.].)  In the context of his cruel and/or unusual punishment argument, this court also concluded the record contained substantial evidence that defendant was a major participant in the robbery.  (*Ibid*.)  The Supreme Court denied defendant's petition for review.  (*People v. Brown et al.*, review denied Mar. 30, 2004, S122525.)

In 2015, the trial court denied defendant's request to be resentenced to 25 years to life, pursuant to *Miller v. Alabama* (2012) 567 U.S. 460.  This court affirmed that order, and the California Supreme Court denied review.  (*People v. Harper* (June 14, 2016, E063475) [nonpub. opn.], review denied Sept. 21, 2016, S236073.)  However, in 2017, a federal district court issued a writ of habeas corpus directing the trial court to resentence defendant pursuant to *Miller*.  (See *Harper v. Davey* (C.D. Cal., Nov. 28, 2017, No. ED CV-16-02250-JFW (KES)) 2017 U.S. Dist. Lexis 196344.)  On May 31, 2019, the trial court resentenced defendant to 25 years to life.

As noted, *ante*, effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) amended sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3) to limit the application of the felony-murder rule and the crime of murder under the natural and probable consequences doctrine. (§§ 188, subd. (a)(3), 189, subd. (e)(1)-(3).) In addition, Senate Bill No. 1437 enacted section 1170.95 (Stats. 2018, ch. 1015, § 4), which permits persons previously convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, but who could not be so convicted under the amendments to sections 188 and 189 made by Senate Bill No. 1437, to petition the superior court to vacate their murder convictions and to resentence them on any remaining counts.

In January 2020, defendant filed the instant petition in the superior court. Using a check-box form, defendant alleged he was convicted of first degree murder "pursuant to the felony murder rule or the natural and probable consequence doctrine," but he could no longer be convicted under those theories. The People filed no written opposition but, at the hearing on the petition, the prosecutor asked that the petition be dismissed because the jury had found that defendant was a major participant in the robbery, who acted with reckless indifference to human life, for purposes of the robbery-murder special circumstance allegation. The trial court agreed and dismissed the petition.

5

II.

DISCUSSION

Defendant argues he is entitled to relief under section 1170.95, and the trial court erred by finding that he had not made a prima facie showing for such relief because his first degree murder conviction and the jury's robbery-murder special circumstance finding occurred before our Supreme Court issued its decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). Those decisions "clarified the meaning of the special circumstances statute" (*In re Scoggins* (2020) 9 Cal.5th 667, 671), specifically, the requirement under section 190.2, subdivision (d), that a defendant who is "'not the actual killer'" and is convicted of first degree murder is eligible for the sentence of death or LWOP only if the jury finds he acted with reckless indifference to human life and was a major participant in the commission of the underlying felony, which resulted in the death (*Scoggins*, at p. 674).

This court recently addressed a petition filed by a similarly situated defendant. In *Jones*, *supra*, 56 Cal.App.5th 474, the defendant was convicted of first degree murder and attempted murder. The jury found true the robbery-murder special circumstance and that the defendant personally used a firearm. The trial court sentenced him to LWOP for the murder and life with the possibility of parole for the attempted murder. (*Jones*, at pp. 479-480.) The defendant filed a petition for resentencing shortly after section 1170.95 went into effect; the prosecutor argued Senate Bill No. 1437 was unconstitutional and, in the alternative, that defendant was not entitled to relief because of the jury's true finding that he was a major participant in the robbery and acted with reckless disregard to human life.

6

The superior court—after reviewing the instructions given at the trial and verifying the jury had been informed it could find true the robbery-murder special circumstance only if it concluded he was a major participant who acted with reckless indifference to human life—summarily denied the petition without conducting an evidentiary hearing. (*Jones*, at pp. 479-480.)

On appeal, the defendant in *Jones* argued that the jury's robbery-murder special circumstance finding was invalid in light of *Banks* and *Clark*, those decisions constituted changes in the law since his conviction and sentencing, and the superior court erred by summarily denying his petition. (*Jones*, *supra*, 56 Cal.App.5th at p. 480.) We agreed with the prosecutor "that the procedure established in section 1170.95 'is not a "plenary proceeding" at which the defendant can reopen matters which have already been adjudicated'—such as prior jury findings." (*Jones*, at p. 480; see *id*. at p. 492 (conc. opn. of Menetrez, J.) [agreeing with majority that "Section 1170.95 is not a proper procedural vehicle for challenging a murder conviction by attacking a prior factual finding"].)

In *Jones*, we held defendants "with a special circumstance finding under section 190.2, subdivision (d) [are] not eligible for relief under section 1170.95 as a

7

matter of law.[4] This is because a jury has already found them to have satisfied the new definition of felony murder under amended section 189. Although they were not the actual killer, a jury found them to have been a major participant in the underlying felony who acted with reckless indifference to human life. (E.g., *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 419 . . . [because '[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes,' a jury's true finding on § 190.2, subd. (d) renders a § 1170.95 petitioner ineligible for relief].)" (*Jones*, *supra*, 56 Cal.App.5th at p. 482.)

As we explained in *Jones*, "A petitioner with a pre-*Banks/Clark* finding faces the same bar to relief under section 1170.95 as a petitioner with a post-*Banks/Clark* finding. This is because *Banks* and *Clark* did not create a new rule of law, but rather 'clarified' the

---

**4** Six months before this court decided *Jones*, *supra*, 56 Cal.App.5th 474, another panel of this court found that a superior court had erred by concluding a jury's special circumstance finding, "on its own," rendered the defendant in that case to be ineligible for relief under section 1170.95. (*People v. Law* (2020) 48 Cal.App.5th 811, 825, review granted July 8, 2020, S262490.) Nonetheless, this court concluded the error was harmless because the record of the defendant's conviction demonstrated he was an active participant and acted with reckless disregard to human life. (*Ibid.*)

*Jones* did not discuss the decision in *Law*, let alone expressly overrule it. We are reluctant to overrule our prior decisions, especially ones of a recent vintage. (See *Estate of Sapp* (2019) 36 Cal.App.5th 86, 109, fn. 9 ["Absent a compelling reason, the Courts of Appeal are normally loath to overrule prior decisions from another panel of the same undivided district or from the same division."].) But, to the extent *Law* held that a superior court considering a petition under section 1170.95 may not conclude as a matter of law that the petitioner is ineligible for relief based on the jury's true finding on a special circumstance allegation under section 190.2, subdivision (d), that decision is inconsistent with *Jones* and has been overruled sub silentio. (*In re Lane* (1962) 58 Cal.2d 99, 105 ["It is an established rule of law that a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not."]; *People v. Shelmire* (2005) 130 Cal.App.4th 1044, 1059 [same].)

already-existing meaning of the phrases 'major participant' and 'reckless indifference to human life' for purposes of special circumstance allegations under section 190.2, subdivision (d)." (*Jones*, *supra*, 56 Cal.App.5th at p. 482; see *In re Scoggins*, *supra*, 9 Cal.5th at p. 671.) Because the decisions in *Banks* and *Clark* did not "announce[] a new rule of law" but merely clarified existing law that """"had theretofore [been] misconstrued""" (*Jones*, at p. 482), the remedy for defendants like Jones—whose murder conviction became final before *Banks* and *Clark*—is to challenge the validity of the special circumstance finding in a collateral, habeas corpus proceeding.[5] (*Jones*, at pp. 482-483.)

Like the defendant in *Jones*, defendant here is barred "as a matter of law" from obtaining relief under section 1170.95. (*Jones*, *supra*, 56 Cal.App.5th at p. 482.) A jury found beyond a reasonable doubt that he was a major participant in the robbery and that he acted with reckless indifference to human life. And on direct appeal, this court concluded substantial evidence supported those findings. (*People v. Brown et al.*, *supra*, E032616.) Therefore, we must affirm the order dismissing his petition.

---

[5] As indicated, *ante*, defendant did file a petition for writ of habeas corpus to challenge the continued validity of his special circumstance finding, which we will decide in a separate opinion. (See *In re Jason Harper on Habeas Corpus*, E076045.)

9

## IV.

## DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

SLOUGH
J.